WILLIAM CHANDLER & others *vs.* JOHN B. F. TEMPLE & others.

The possession of an instrument, signed and sealed, in the hands of the party to whom it purports to be made, is *prima facie* and not conclusive evidence of delivery.

Where it appeared in evidence, in an action of debt, that the two parts of an indenture declared on were executed by the parties of the one part, and by some of the parties of the other part, with an agreement, that one of the latter, who had executed the instrument, should obtain the signatures of his coöbligors to one part, to be then exchanged for the other part, which such party was in like manner to get signed; and one part of the instrument was executed accordingly, but was never exchanged for the other, the execution of which was therefore not completed; it was held, that there was no sufficient legal delivery of the instrument, to make it the deed of the obligors named therein.

THIS was an action of debt on a contract under seal, tried before the chief justice of this court, and by him reported for the consideration of the whole court.

In order to prove the execution and delivery of the instrument declared on, which purported to be one part of an indenture of two parts, between the plaintiffs and the defendants, the plaintiffs called Baldwin Locke and Charles Whitney, Jr., two of the subscribing witnesses.

The first-named witness testified, that he was called into the store of Jonathan L. Parker, one of the plaintiffs, in Lexington, to witness the execution of the contract, and that he there saw the instrument, which had already been signed by the plaintiffs, and upon which he saw no interlineations, signed by the three defendants.

The other subscribing witness testified, that having gone from Watertown to Lexington with the defendants, he was

in Parker's store and saw the defendants sign the instrument. Before signing, Parker read over the contract, and when he had finished, White, one of the defendants, observed that the names of Priest and Gilkey, who had agreed to become sureties with him and Gibbs, the other defendant, were not in the contract, and that he should not sign unless they were inserted.    Gibbs also declined signing for the same reason. After some further conversation, Parker interlined the names of Priest and Gilkey in each part of the contract, which was thereupon signed by the three defendants.

It was then agreed, that the defendant White should take one part of the contract, and go to Watertown, where Priest and Gilkey resided, and get them to sign it; and that the plaintiff Parker, who retained the other part of the contract, should go to Watertown within a few days afterwards, and exchange contracts with White; taking the one signed by Priest and Gilkey, and leaving the part retained by him, to which White was then to obtain their signature.

The witness further stated, that on his return to Water-town, he went with White to Priest and Gilkey's, and there saw Gilkey sign the name of the firm of Priest and Gilkey to the contract.    But Parker never went to Watertown to ex-change contracts with White, nor were they ever exchanged; the part held by the plaintiffs, on which the action was brought, being the same that was retained by Parker; and the other part, which was taken to Watertown by White, and signed by Gilkey, remaining with the defendants.

The defendant contended, upon these facts, 1st. That there had been no delivery by the defendants of the contract de-clared on; and, 2d. That the instrument, having been written as if to be signed by four sureties, would not be binding upon the two by whom it was signed, unless it should be shown, that they waived the execution of it by the other two. These objections being overruled by the presiding judge, the case proceeded, and a verdict was taken by consent for the plaintiffs, for nominal damages, subject to the revision of the whole court.

If the court are of opinion, that the action will not lie, the

verdict is to be amended, so as to stand as a general verdict for the defendants, and judgment to be entered accordingly.

*A. H. Nelson,* for the plaintiffs.

*E. Buttrick,* for the defendants.

SHAW, C. J. This is an action of debt on a contract under seal, alleged to have been executed by the defendants. It is very clear, that the plaintiffs cannot recover in an action either of debt or covenant, unless the instrument relied on as a contract can be shown to be the deed of the defendants, and as such signed, sealed, and delivered by them. In this case, the delivery is denied.

The possession of an instrument, signed and sealed by those to whom it purports to be made, is *prima facie* evidence of delivery; but it is *prima facie* only, and may be controverted by other evidence. Then, taking the testimony of the attesting witnesses, it appears that the indentures were prepared and partly executed at Lexington, where the plaintiffs reside, the names of Priest and Gilkey, residing at Watertown, and not there present to execute, not being therein; that after an objection on that ground, and some conversation, their names were interlined, with an understanding that after being executed by the parties then present, one part should be taken to Watertown, to be executed there by Priest and Gilkey, and then exchanged, and the part thus executed be taken by the plaintiffs, instead of the one which they then retained. The part so taken was executed by one of the firm of Priest and Gilkey in the name of the firm. But the parts were never exchanged.

The court are of opinion, that the evidence shows no sufficient legal delivery of the instrument, to make it the deed of the defendants. The part held by the plaintiffs bore the names of two persons as obligors, who had not executed it, showing it to be imperfect and incomplete on the face of it, until something further should be done; and going from the face of the paper to the evidence *aliunde,* it is shown, that it was not intended to be the deed of the defendants, till executed by the other parties named, and the counterpart delivered in exchange.

According to the agreement of the parties, the verdict is to be so amended as to stand as a general verdict for the defendants.